J-S74040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EUGENE MYRICK | |
| Appellant | No. 2140 EDA 2015 |

Appeal from the PCRA Order June 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1120961-1986

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 08, 2016**

Eugene Myrick appeals from the order entered June 12, 2015, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In July of 1986, Appellant shot David Jennings, in the victim's home. In January of 1988, Appellant was tried before a jury and found guilty of murder of the first degree and possession of an instrument of crime.  The Appellant received a sentence of life imprisonment for the murder conviction and was sentenced to a consecutive two and one-half to five years' incarceration for possession of an instrument of crime.  In April 1988, the trial court denied Appellant's post-trial motions.  This Court affirmed the

---

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence on May 31, 1989. ***Commonwealth v. Myrick***, 563 A.2d 193 (Pa. Super 1989) (unpublished memorandum). Appellant did not seek review by the Supreme Court of Pennsylvania, and thus, his judgment of sentence became final on June 30, 1989. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).

In January 1997, Appellant filed his first petition for collateral relief. The PCRA court dismissed the petition in November 2001. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. ***Commonwealth v. Myrick***, 813 A.2d 906 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 814 A.2d 676 (Pa. 2002).

Appellant filed the instant PCRA petition, his second, on August 19, 2014, seeking relief based upon new evidence, specifically a copy of the victim's prison record. PCRA counsel was appointed and submitted an amended petition. Appellee filed a motion to dismiss, and Appellant responded by brief. On April 10, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. On June 12, 2015, the PCRA court dismissed Appellant's petition without a hearing.

Through newly appointed counsel, Appellant filed a notice of appeal raising the following issue:

> Did the Honorable PCRA Court err when it dismissed the Defendant's Amended Petition and all [sic] where the Defendant pled and would have been able to prove that he was entitled to

relief and where the Defendant was not time-barred as the court ruled?

Appellant's Brief at 3.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

First, we address Appellant's assertion that the PCRA court erred in finding his petition untimely. Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (citing *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (1998)). Here, Appellant's judgement of sentence became final thirty days after the judgment of sentence was entered and the time for filing a direct appeal had expired. *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998). Thus, his sentence became final in June of 1989. 42 Pa.C.S. §9545(b)(3).

The instant PCRA was filed on September 18, 2014; twenty-five years after the judgment of sentence became final.[1] Appellant's petition is

---

[1] When the amendments to the PCRA statute became effective on January 16, 1996, those defendants whose judgments of sentence became final prior

*(Footnote Continued Next Page)*

patently untimely, and for the court to have jurisdiction to review the merits of Appellant's claims he must plead and prove the applicability of one of the exceptions to the timeliness requirement. *See Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) ("It is the Appellant's burden to allege and prove that one of the timeliness exceptions applies.").

There are three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 PA.C.S. § 9545(b)(2).

Appellant does not dispute that his petition is untimely; rather, Appellant acknowledges that he must avail himself of one of the exceptions set forth in section 9545(b)(1)(i)-(iii) in order for this Court to have

*(Footnote Continued)* —————————

to the effective date of the amendments were given until January 16, 1997 to file a PCRA petition. Appellant filed his second PCRA petition more than seventeen years past the filing deadline.

jurisdiction to reach the merits of his claims. *Bennett*, 930 A.2d at 1267 (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Appellant asserts that his petition meets the timeliness exception found in 42 Pa.C.S. § 9545(b)(1)(ii). Under 42 Pa.C.S. § 9545(b)(1)(ii), Appellant must prove that (1) this fact was unknown to him and (2) that he could not have ascertained this fact previously by the exercise of due diligence. *Bennett,* 930 A.2d at 1270-72. Due diligence requires that the petitioner make reasonable steps to protect his own interest. *Commonwealth v. Carr,* 768 A.2d 1164, 1168 (Pa. Super. 2001).

Appellant obtained the victim's prison records from SCI Dallas, which indicate that the victim was incarcerated there from April 14 to August 6, 1981. Appellant asserts that he was not incarcerated at SCI Dallas during that time frame. Appellant asserts that this newly discovered fact would have altered the verdict had it been available at trial.

While Appellant filed his petition within sixty days of receiving the victim's prison records he fails to prove or explain why he could not have ascertained this information previously with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001) (stating that a petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence).

In 1986, at Appellant's preliminary hearing, Police Officer Leslie Gunter testified that the victim indicated that his assailant was "Gene the Hack"

from Broad and Erie and the two had lived together.[2]  Notes of Testimony (N.T.), 11/12/86, at 18-22.  Despite this, Appellant never challenged this assertion, nor did he previously attempt to obtain the victim's prison records.  Appellant offers no persuasive explanation why this information could not have been discovered, with due diligence, long before he filed his petition in August 2014.  *Hawkins*, 953 A.2d at 1253; *Bennett*, 930 A.2d at 1270-72.  This information does not satisfy the after-discovered facts exception provided in Section 9545(b)(1)(ii).

In summary, Appellant's petition was patently untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA.  Accordingly, the PCRA court did not have jurisdiction to review the merits of Appellant's claims and properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016

---

[2] At the time of trial, the statement was redacted to indicate that the two men had lived together without mentioning jail.